# IN THE WESTERN DISTRICT OF OKLAHOMA
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| LASANDRA PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-16-796-M |
| | ) | |
| M & N DEALERSHIPS XII, LLC d/b/a | ) | |
| METRO FORD OF OKC | ) | |
| | ) | |
| Defendant. | ) | The Honorable Judge Miles-LaGrange |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO APPIONT ARBITRATOR AND OBJECTION AMERICAN ARBITRATION ASSOCIATION FORUM

**COMES NOW** the Plaintiff, LaSandra Perkins (LaSandra), respectfully requests that this Court appoint an arbitrator, but objects to the appointment of the American Arbitration Association ("AAA") to conduct arbitration proceedings. In support thereof, LaSandra states the following:

1. On February 13, 2017, this Court entered an ordered compelling Plaintiffs claim into arbitration [Doc. No. 12].

2. One of Defendants position was that if Plaintiff is concerned about Arbitrator's costs, then they are willing to conduct under arbitration under AAA.

3. Plaintiff initially contemplated to agreeing to AAA but decided against it as AAA severely limits Plaintiffs' rights under Federal rules of discovery and procedure.

1

4. Furthermore, the arbitration agreement itself does not require arbitration under AAA, but provides the following:

> The Purchaser and Dealer agree that all matters addressed within this Clause shall be submitted to binding arbitration, with an Arbitration Service **or Arbitrator of the parties' choosing**, pursuant to the Federal Arbitration Act, Title 9 U.S.C. § 1, et. seq.  *See* Defendant's Motion [Doc. 21, Exhibit 1, Purchase Agreement.]

5. Since, the arbitrator agreement does not mandate that the arbitration must be conducted under AAA, Plaintiffs respectfully requests that this Court do not force Plaintiffs to litigate under AAA rules.

6. Plaintiff does not agree to AAA because the consumer rules under AAA limits discovery significantly than contemplated by Federal Rules of Civil Procedure.

7. AAA R -22 Provides that discovery be limited to only exchange of documents as directed by the arbitrator:

> R-22. Exchange of Information between the Parties (a) If any party asks or if the arbitrator decides on his or her own, keeping in mind that arbitration must remain a fast and economical process, the arbitrator may direct 1) specific documents and other information to be shared between the consumer and business, and 2) that the consumer and business identify the witnesses, if any, they plan to have testify at the hearing. (b) Any exhibits the parties plan to submit at the hearing need to be shared between the parties *at least five business days* before the hearing, unless the arbitrator sets a different exchange date. (c) *No other exchange of information beyond what is provided for in section (a) above is contemplated under these Rules,* unless an arbitrator determines further information exchange is needed to provide for a fundamentally fair process. (d) The arbitrator has authority to resolve any disputes between the parties about exchanging information.  (Exhibit 1, Relevant AAA Consumer Rules).

8. The AAA clearly limits discovery to exchange of information. It does not allow depositions or subpoenas to third-party. In this case, Plaintiff needs to take deposition of the sales person, finance manager and all individuals who spoke with Ms. Perkins, in addition to the Corporate Representative of Metro-Ford.

9. Furthermore, Plaintiff would have to issue subpoenas to various software providers to determine when Ms. Perkin's credit information was entered and how she was approved for financing.

10. AAA also limits any hearing to one day. Exhibit 1, Relevant AAA Consumer Rules, R-32(d).

11. This Court should note that Plaintiff is not refusing to arbitration. In fact, Plaintiff's counsel proposed multiple arbitrators: Judge Cunningham, Judge Joiner, Larry Ottaway and Judge Boudreau. *See* Defendant's Motion, Exhibit 4.

12. This Court should note that Defendants do not have objections to any of the specific arbitrators. Instead, it simply insists that Plaintiffs should agree to AAA.

13. The Arbitration agreement requires that both party must agree to an arbitration forum or an arbitrator.

14. Ironically, Defendants now wants this Court to amend the arbitration agreement and ignore *its own arbitration clause* because it would be more cost effective for the Defendant to arbitrate under AAA.

15. Plaintiff understands that the arbitration clause requires that she be responsible for 50% of the arbitrator's fees. Despite this, Plaintiff would rather pay this fee,

then to be subjected to limit her rights under the Federal Rules of Civil Procedure and Evidence.

16. Defendant could have easily specified AAA as the only forum. It selected not too, with the hopes that consumers would be discouraged to move forward when facing 50% of arbitrator's fees.

17. This Court should not allow Defendant to cherry-pick certain provisions in the Arbitration Agreement for enforcement based upon what is more advantageous to them.

Wherefore, Plaintiff respectfully requests that this Court appoint arbitrator who would conduct arbitration in conformity to Federal Rules of Civil Procedure.

Respectfully,

s/M. Kathi Rawls
M. Kathi Rawls, OBA # 18814
Minal Gahlot, OBA # 22145
Rawls Gahlot, PLLC
2404 S. Broadway
Moore, OK 73160
Telephone: (405) 912-3225
Email: Kathi@rawlsgahlot.com
Email: Minal@rawlsgahlot.com
*Attorneys for Plaintiffs*

Case 5:16-cv-00796-M   Document 22   Filed 10/25/17   Page 5 of 5

## **CERTIFICATE OF MAILING**

   I, Minal Gahlot, do hereby certify that a true and correct copy of the above and foregoing was electronically transmitted to the Clerk of the Court and following ECF registrants on the 10/25/17 to the following:

Melanie Christians
Derrick T. DeWitt
Nelson Terry Morton DeWitt & Paruolo
PO BOX 138800
Oklahoma City, OK 73113

                   /s/M. Kathi Rawls