IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LASANDRA PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-16-796-M |
| ) | |
| M&N DEALERSHIPS XII, LLC d/b/a ) | |
| METRO FORD OF OKC, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is defendant's Motion to Appoint Arbitrator, filed October 6, 2017. On October 25, 2017, plaintiff filed her response, and on November 1, 2017, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

On February 13, 2017, this Court entered an order granting defendant's Motion to Compel Arbitration. The parties, however, have been unable to agree on an arbitrator. Defendant now moves the Court to appoint the American Arbitration Association ("AAA") to conduct arbitration proceedings under its Consumer Arbitration Rules. Plaintiff objects to the appointment of the AAA and moves this Court to appoint a private arbitrator. Defendant objects to the appointment of a private arbitrator.

Defendant asserts that arbitration should be conducted by the AAA to expedite the arbitration proceedings and reduce costs to both parties. Defendant contends that unlike the AAA, the costs of a private arbitrator charging by the hour are unpredictable and may vary significantly depending upon the complexity and/or the contentiousness of the particular case. Defendant further contends that an arbitrator acting under the AAA typically moves the case at a more

expedient pace so as to promote the overarching goals of arbitration – the quick and efficient resolution of disputes.

Plaintiff asserts that arbitration by the AAA severely limits her rights under the federal rules of discovery and procedure.  Specifically, plaintiff contends that the AAA's consumer rules limit discovery significantly more than contemplated by the Federal Rules of Civil Procedure and limits any hearing to one day.  Plaintiff asserts that she needs to take various depositions and issue subpoenas to various software providers.

Having carefully reviewed the parties' submissions, the Court finds that the AAA should be appointed as the arbitration service for this matter.  Specifically, the Court finds appointment of the AAA is most consistent with the purpose of arbitration, which by its nature limits the processes typically available in a court of law in favor of quick and efficient resolution of disputes.  Further, the Court finds that plaintiff will receive a fair process under the AAA Consumer Arbitration Rules.  Finally, the Court finds that appointment of the AAA will more likely prevent excessive expenses being incurred by the parties in this case.

Accordingly, the Court GRANTS defendant's Motion to Appoint Arbitrator [docket no. 21] and, pursuant to 9 U.S.C. § 5 of the Federal Arbitration Act, APPOINTS the American Arbitration Association as the arbitration service for this matter to conduct proceedings according to its Consumer Arbitration Rules.

**IT IS SO ORDERED this 6th day of December, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE